UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ERIC JEFFREY,

               Petitioner,                           **MEMORANDUM & ORDER**

      v.                                             No. 22-CV-4289 (RPK) (LB)

D. UHLER,

               Respondent.
-----------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Petitioner Eric Jeffrey is serving a state prison sentence after being convicted of murder and criminal possession of a weapon. Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in 2020, and then a second petition for a writ of habeas corpus, which I construe as a motion to amend the still-pending initial petition. For the reasons explained below, the motion to amend is denied because the claims in the second petition are time-barred.

## BACKGROUND

      In 1992, petitioner and co-defendant Darnell Deberry were charged with second-degree murder and second- and third-degree criminal possession of a weapon in connection with the shooting and subsequent death of Ambrose Roberts. *See* Decl. of Avshalom Yotam in Opp'n to Pet. for Writ of Habeas Corpus ("Yotam Decl.") ¶¶ 7–8. At trial, an eyewitness named Osafa Anderson identified petitioner and his co-defendant as two of the shooters. Trial Tr. 299–301, *Jeffrey v. Capra*, No. 20-CV-232 (RPK) (Dkt. ##18-2–3). The jury ultimately convicted petitioner and his co-defendant of second-degree murder and second-degree criminal possession of a weapon. *Id.* at 621–22.

      Petitioner appealed his conviction, arguing that prosecutors at his trial exercised peremptory challenges in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476

1

U.S. 79 (1986), among other claims. *See People v. Jeffrey*, 82 N.Y.S.3d 88, 89 (App. Div. 2018). The New York Appellate Division affirmed his conviction and sentence. *Ibid.* Petitioner then sought leave for further review by the New York Court of Appeals, which denied his application on October 18, 2018. *People v. Jeffrey*, 32 N.Y.3d 1065 (2018). Petitioner's conviction became final 90 days later. *See Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

On January 14, 2020, with the assistance of counsel, petitioner filed a habeas petition in this Court that renews his *Batson* arguments. *See* Pet. ("First Pet."), *Jeffrey v. Capra*, No. 20-CV-232 (RPK) (Dkt. #1). The parties agree that the one-year limitations period for seeking federal habeas relief expired two days after that petition was filed. *See* Resp't's Ltr., May 15, 2020, at 2, *Jeffrey v. Capra*, No. 20-CV-232 (RPK) (Dkt. #10); Pet'r's Ltr., June 1, 2020, at 1, *Jeffrey v. Capra*, No. 20-CV-232 (RPK) (Dkt. #12). Petitioner then submitted a *pro se* letter asking the Court to hold his petition in abeyance while he pursued in state court claims that his trial counsel rendered ineffective assistance and suffered from a conflict of interest. Pet'r's Ltr., Mar. 10, 2020, at 1, *Jeffrey v. Capra*, No. 20-CV-232 (RPK) (Dkt. #7). Though those claims were not included in his initial petition, petitioner states that he wished to exhaust those claims in state court so that he could "properly present" them "as part of [his] habeas petition." *Ibid.* The Court denied the request, holding that petitioner had not shown good cause for failure to exhaust his additional claims and that a stay would be futile because the additional claims would be time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Jeffrey v. Capra*, No. 20-CV-232 (RPK), 2020 WL 4719629, at *2–4 (E.D.N.Y. Aug. 12, 2020).

On March 20, 2022, with his first petition still pending, petitioner filed another habeas petition. Pet. ("Second Pet.") 50 (Dkt. #1). Liberally construed, the second petition raises two new claims. First, petitioner raises the ineffective-assistance-of-counsel claim that was the subject of his request for an abeyance. *See id.* at 8–9, 17. Second, petitioner asserts that the prosecution

2

violated *Brady v. Maryland*, 373 U.S 83 (1963), by failing to turn over exculpatory evidence. *See id.* at 33–40. He identifies as exculpatory evidence the criminal complaint filed by Detective Victor Howell against his co-defendant, which names petitioner's brother as an accomplice to the shooting. *See id.* at 33–34; *see also* Pet'r's Ltr., Apr. 4, 2024, at 4 (Dkt. #14) (enclosing copy of complaint).

To overcome AEDPA's time limitations, petitioner cites evidence allegedly proving his "actual innocence." Second Pet. 31–32. Specifically, petitioner presents the criminal complaint filed by Detective Howell, *id.* at 33, which states that Howell was "informed by persons known to the New York City Police Department" that petitioner's co-defendant, "acting in concert with apprehended others including [petitioner's brother]," shot the victim in the head. Pet'r's Ltr., Apr. 4, 2024. Second, petitioner submits an affidavit signed by Kevin Hinkson, a private investigator who interviewed Herman Brothers, an eyewitness to the shooting who did not testify at trial. Second Pet., Ex. D ("Hinkson Aff."). The affidavit states that Mr. Brothers told Mr. Hinkson he was unable to identify any of the shooters, though it also states that Mr. Brothers was unwilling to sign his own affidavit to that effect. *Ibid.*

## DISCUSSION

Petitioner's second habeas petition is construed as a motion to amend his initial petition to include ineffective-assistance-of-counsel and *Brady* claims. *See Ching v. United States*, 298 F.3d 174, 177 (2d. Cir. 2002) ("[W]hen a § 2225 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."); *see also Grullon v. Ashcroft*, 374 F.3d 137, 140 (2d. Cir. 2004) (explaining that "similar principles" apply "in the context of § 2254 petitions"). So

3

construed, the motion is denied because the new claims are time-barred under AEDPA and are not subject to AEDPA's actual-innocence exception.

## I. Petitioner's New Claims Are Untimely Under AEDPA.

The claims in petitioner's second habeas petition are untimely. A state prisoner must generally file a federal habeas petition within one year of the date that his state judgment becomes final. 28 U.S.C. § 2244(d)(1). While properly initiating *state* post-conviction proceedings tolls the one-year federal limitations period, filing a *federal* habeas petition does not toll the limitations period for purposes of bringing additional federal habeas claims. *See Rhines v. Weber*, 544 U.S. 269, 274–75 (2d. Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2). After the federal limitations period has run, a habeas petitioner may only amend his petition to add additional claims if the amended petition would "relate back to the filing date of the original [petition]." *Mayle v Felix*, 545 U.S. 644, 648 (2005); *see* Fed. R. Civ. P. 15(c)(1).

An amended petition "relates back" to the date of an original petition if it "arose out of the conduct, transaction, or occurrence set out . . . in the original [petition]." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, this means that any new claims must stem from "a common core of operative facts"—not simply from the "same trial, conviction, or sentence." *Mayle*, 545 U.S. at 664. An amended petition that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" will not suffice. *Id.* at 650. For example, the Supreme Court has found that a petitioner's objection under the Fifth Amendment to admission of his own pretrial statements did not relate back to his Sixth Amendment challenge to admission of videotaped testimony from a prosecution witness. *Id.* at 654. In contrast, a later petition related back to an earlier one when both involved "evidence obtained at the same time by

the same police department." *Id.* at 664 n.7 (citing *Mandacina v. United States*, 328 F.3d 995, 1000–01 (8th Cir. 2003)).

The parties agree that AEDPA's one-year limitations period expired on January 14, 2020. *See supra* p. 2. Petitioner therefore may amend his petition only if his additional claims "relate back" to the filing date of his initial petition. *Mayle*, 545 U.S. at 648. But they do not. Petitioner's new claims do not arise from the same core facts as petitioner's initial habeas petition, which focuses entirely on *Batson* and jury selection. *See generally* First Pet. Instead, petitioner's ineffective-assistance-of counsel claim stems from his trial counsel's alleged failure to present plea offers, Second Pet. 9–10, as well as his attorney's prior representation of petitioner's brother, *id.* at 10–30. And petitioner's *Brady* claim stems from the prosecution's alleged failure to disclose contradictory statements made by the lead detective on the case. *Id.* at 31–32. The claims therefore do not relate back to petitioner's initial petition. They are accordingly time-barred under AEDPA.

## II. Petitioner's Claims Are Not Subject to AEDPA's Actual-Innocence Exception.

Petitioner is not entitled to invoke the actual-innocence exception to AEDPA's statute of limitations. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" in the face of the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner's burden in demonstrating actual innocence is "deliberately demanding." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citation and quotation marks omitted). It requires, first, that petitioner adduce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Ibid.* (citation omitted). The new evidence may be reviewed "regardless of admissibility but with proper consideration for the weight the evidence can bear in light of relevance and reliability." *Id.* at 659. The second requirement is that the new evidence of innocence be "so strong that a court cannot have confidence in the outcome of the trial unless the

5

court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 657 (citation omitted). To be clear, the new evidence "need not demonstrate factual innocence to an absolute certainty." *Ibid.* (citation and quotation marks omitted). But it must be sufficiently credible and compelling to allow a federal court to conclude that "more likely than not, in light of the new evidence, no reasonable juror would find petitioner guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Ibid.* (citation and alteration omitted). The two exhibits petitioner offers do not satisfy this standard.

*Criminal Complaint.* Petitioner argues the criminal complaint serves as evidence of his innocence because it contradicts testimony Detective Howell gave at an evidentiary hearing that Osafa Anderson—the eyewitness who testified at trial—identified petitioner as one of the shooters. Second Pet. 34–35; *see* Suppression Hr'g Tr. 11 (Dkt. #11-3). But Detective Howell's statement in the complaint—noting that a witness identified petitioner's brother as one of the shooters—is consistent with evidence that was presented at trial. Specifically, Mr. Anderson testified at trial that he initially identified petitioner's brother as the shooter but "was mistaken" and that he "kn[ew]" petitioner "did it." Trial Tr. 328. The complaint therefore does not constitute new evidence "not presented at trial" making it "more likely than not" that "no reasonable juror would find petitioner guilty beyond a reasonable doubt." *Hyman*, 927 F.3d at 656–57 (citations and alteration omitted); *see, e.g.*, *Holder v. Lamanna*, No. 18-CV-7431 (PKC), 2020 WL 804902, at *12 (E.D.N.Y. Feb. 18, 2020) ("Evidence that supports a theory or facts already presented at trial is not 'new evidence.'"); *Mastin v. Senkowski*, 297 F. Supp. 2d 558, 595 n.17 (W.D.N.Y. 2003)

(denying "actual innocence" claim where petitioner presented "allegedly new evidence" that "was cumulative of other significant evidence that placed [a witness's] credibility at issue").

***Hinkson Affidavit.*** Mr. Hinkson's affidavit also fails to satisfy the stringent standard for the actual-innocence exception to AEDPA's statute of limitations. The affidavit merely establishes that Mr. Brothers, another eyewitness to the shooting, was unable to identify any of the shooters. It does not contradict Mr. Anderson's testimony identifying petitioner as the shooter, let alone affirmatively establish petitioner's innocence. It is therefore insufficient to allow a federal court to conclude that "no reasonable juror would find petitioner guilty beyond a reasonable doubt." *Hyman*, 927 F.3d at 657 (citation and alteration omitted); *see, e.g.*, *Eduardo v. Smith*, No. 10-CV-622 (KTD), 2010 WL 5584599, at *5 (S.D.N.Y. Jan. 11, 2010) (holding that newly submitted affidavits "d[id] not contract evidence presented by the People at trial" and therefore did not establish that "no reasonable jury would have voted to find [p]etitioner guilty"). Petitioner therefore cannot avail himself of the actual innocence exception to the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court construes petitioner's second habeas petition as a motion to amend his initial petition. So construed, the motion is denied. The Clerk of Court is respectfully directed to close docket 22-CV-4289.

SO ORDERED.

                                                            */s/ Rachel Kovner*
                                                            RACHEL P. KOVNER
                                                            United States District Judge

Dated: August 8, 2024
       Brooklyn, New York